Peter R. Afrasiabi (Bar No. 193336)
Email: pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile:  (949) 258-5081

Joanna Ardalan (Bar No. 285384)
Email: jardalan@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone:  (310) 437-8665
Facsimile:  (310) 943-2085

*Attorneys for Plaintiff,*
*BackGrid USA, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KATHERYN HUDSON p/k/a KATY PERRY; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, BackGrid USA, Inc., complains against Defendant, Katheryn Hudson, professionally known as Katy Perry ("Perry"), an individual, and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. This Court has personal jurisdiction over defendant Perry because, on information and belief, she is a resident of the State of California and this judicial district and, on information and belief, is also doing business in the State of California and in this judicial district.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400(a).

## PARTIES

4. Plaintiff BackGrid USA Inc. ("BackGrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

5. On information and belief, Defendant Perry is an American singer, songwriter, actress, businesswoman, and entrepreneur who, on information and belief, is a resident of Los Angeles County.

6. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

//
//

# FACTS COMMON TO ALL COUNTS

*BackGrid and the Photograph that Frame This Dispute*

7. BackGrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

8. Among many other in-demand photographs, BackGrid owns coveted photographs of Perry dressed as Hillary Clinton for a Halloween Party in 2016 (hereinafter the "BackGrid Photograph").

9. BackGrid, through its predecessor AKM-GSI Media, Inc., filed for copyright registration of the BackGrid Photograph within 90 days of its first publication with the United States Copyright Office. The Copyright registration information in attached hereto as Exhibit A.

*Defendant and Its Willful Infringing Activity*

10. Defendant Perry, a well-known musician and performer has over 80 million Instagram followers, and her Instagram account is open to the public.

11. Defendant Perry, or someone acting on her behalf, violated federal law by willfully infringing BackGrid's copyright in the photograph by copying the photograph and distributing it on Instagram via the @katyperry account on October 29, 2016 as seen here: www.instagram.com/p/BMKy-fMA39o. Attached hereto as Exhibit B and incorporated herein by reference is a true and correct screenshot of the infringed photograph at issue in this lawsuit.

12. BackGrid corresponded with Perry, through her representatives, about her infringement by letters and emails on or around July 7, 2017, August 24, 2017, December

3

**COMPLAINT**

12, 2017, April 5, 2018, June 8, 2018, August 1, 2018, September 7, 2018, May 2, 2019, May 24, 2019, May 31, 2019, September 10, 2019, and October 4, 2019.

13. Nevertheless, Defendants failed to license the BackGrid Photograph even after they had express notice that BackGrid was the owner. Defendants used, and continue to use, the Photograph without authorization or permission from BackGrid to do so even after being aware of the infringement.

14. The Photograph is creative, distinctive, and valuable. Because of the subject's celebrity status, and the Photograph's quality and visual appeal, BackGrid (and the photographer it represents) stood to gain additional revenue from licensing the Photograph.

15. Moreover, Perry induced, caused, or materially contributed to the reproduction, distribution and public display of the Photograph, all while knowing or having reason to know of the infringement on her Instagram account was without permission, consent, or license.

16. Defendants' unauthorized use harms the existing and future market for the original Photograph. The Instagram post made the Photograph immediately available to Perry's 80 million followers and others, consumers of entertainment news—and especially news and images of Perry herself, as evidenced by their status as followers of her—who would otherwise be interested in viewing licensed versions of the Photograph in the magazines and newspapers that are BackGrid's customers.

17. In addition, Defendants' unauthorized use is expressly commercial in nature. Perry uses her Instagram feed for the purpose of promotion—specifically, to promote her business interests, products, and ventures; to promote and sell the products and services of others; to maintain and increase her visibility and desirability as an endorser, actress, model, and entertainment personality; and to promote her persona and celebrity status. In short, every one of Perry's Instagram posts is fundamentally promoting something to her 80 million followers.

18. Defendants did not disclose their unauthorized use of the Photograph to BackGrid nor seek permission to use the Photograph. But for BackGrid's discovery of Defendants' authorized use, their infringement would still be concealed.

## FIRST CLAIM FOR RELIEF
## (Copyright Infringement, 17 U.S.C. § 501)

19. BackGrid hereby incorporates by reference the allegations in paragraphs 1 through 18 above.

20. BackGrid is the owner of all rights, title, and interest in the copyright of the BackGrid Photograph that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

21. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid's copyright by reproducing, displaying, distributing, and utilizing the BackGrid Photograph for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

22. All of the Defendants' acts are and were performed without permission, license, or consent of BackGrid.

23. BackGrid has identified an instance of infringement by way of unlawful reproduction and display of BackGrid's photograph.

24. As a result of the acts of Defendants alleged herein, BackGrid has suffered substantial economic damage.

25. BackGrid is informed and believes and on that basis alleges that Defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, BackGrid will make its election between actual damages and statutory damages.

26. Defendants have willfully infringed, and unless enjoined, will continue to infringe BackGrid's copyright by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Perry's encouragement of the infringement and financial benefit it receives from BackGrid's copyrights.

27. The wrongful acts of Defendants have caused, and are causing, injury to BackGrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BackGrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, BackGrid seeks a declaration that Defendants are infringing BackGrid's copyright and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

28. The above-documented infringements alone would entitle BackGrid to a potential award of up to $150,000 in statutory damages for the infringed photograph, in addition to its attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photographs of BackGrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. Under 17 U.S.C. § 503, for impoundment of all copies of the Photograph used in violation of BackGrid's copyrights—including digital copies or any other means by

which they could be used again by Defendants without BackGrid's authorization—as well as all related records and documents;

4. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and pre-judgement interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505;  and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated:  October 29, 2019             **ONE LLP**

By:  /s/ Joanna Ardalan
Joanna Ardalan
Attorneys for Plaintiff,
BackGrid USA, Inc.

# **DEMAND FOR JURY TRIAL**

Plaintiff BackGrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated:  October 29, 2019                               **ONE LLP**

                                                                          By:  /s/ Joanna Ardalan
                                                                                  Joanna Ardalan
                                                                                  Attorneys for Plaintiff,
                                                                                  BackGrid USA, Inc.